# EXHIBIT B

**IN THE SUPERIOR COURT OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| FAYSAL A. JAMA on behalf of himself and all other similarly situated, | NO. |
| Plaintiffs, | |
| v. | COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT, BAD FAITH, DECLARATORY JUDGMENT, AND INJUNTIVE RELIEF |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendants, | |

Plaintiff Faysal A. Jama brings this action against State Farm Fire and Casualty Company ("State Farm"), on behalf of himself and all other similarly situated persons ("Policyholders"). Plaintiff alleges the following upon based on his own personal knowledge and the investigation of counsel.

**I. OVERVIEW OF THE ACTION.**

1.1     This lawsuit arises from State Farm's wrongful system of improperly valuing class members' totaled vehicles, which reduced the amount State Farm paid to Policyholders.

1.2.     Plaintiff and the putative Class seek redress and damages for State Farm's wrongful actions, including breach of contract, violation of Washington insurance regulations

CLASS ACTION COMPLAINT - 1

**Law Office of
Daniel R. Whitmore**
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

pertaining to the settlement of total loss vehicle claims, violation of the Washington Consumer Protection Act, common law bad faith, and breach of the implied covenant of good faith and fair dealing.

1.3.    Plaintiff and the putative Class further seek a judicial declaration from this Court that State Farm has:

      a)   Acted in violation of Washington insurance regulations; and

      b)   Acted in bad faith.

1.4    Plaintiff and the putative Class further seek an injunction prohibiting State Farm from engaging in said wrongful conduct.

1.5.    This action seeks damages and injunctive relief on behalf of Plaintiff and a class of similarly situated persons who have been harmed by State Farm, and Autosource, a third-party software program created and marketed to the insurance industry.

1.6.    State Farm has used and continues to use Autosource to systematically undervalue and underpay first party claims of "total loss" to insured vehicles, in breach of its contractual obligations to its policyholders.

1.7.    Valuation reports generated by Autosource for State Farm make the following downward adjustment to the estimated "actual cash value" of a policyholder's vehicle: 1) an arbitrary, consistent, and unsupported deduction to the "value" of "comparison" vehicles (similar, nearby vehicles being offered for sale at the time) by reducing any advertised price of a comparison vehicle by 9 percent to allegedly account for "negotiation;" 2) an additional, unwarranted deduction for the alleged "condition" of the policyholder's vehicle after making adjustments to the advertised price of "comparison" vehicles based on mileage and options.

CLASS ACTION COMPLAINT - 2

1.8.    Using Autosource's valuation reports, which include the aforementioned deductions, State Farm consistently underestimates and underpays the "actual cash value" of covered vehicles deemed a "total loss," thereby breaching its contractual obligations to policyholders, including its covenants of good faith and fair dealing and violating Washington insurance regulations.

## II. PARTIES.

2.1.    Plaintiff Faysal A. Jama ("Plaintiff") is a resident and citizen of Tukwila, King County, Washington.

2.2.    Plaintiff purchased a comprehensive policy of automobile insurance from State Farm that was in effect on the date of loss: May 25, 2019.

2.3.    State Farm is a foreign profit corporation incorporated under the laws of the State of Illinois with its headquarters and principal place of business at One State Farm Plaza, Bloomington, Illinois 61710. State Farm does business in the State of Washington by entering into insurance policies with consumers, insuring a large number of vehicles in this state, employing sales agents in this state, maintaining facilities in this state, and has otherwise conducted continuous and substantial activities which avail it to the personal jurisdiction of this Court.

## III. JURISDICTION AND VENUE.

3.1.    Venue is proper in this Court because Plaintiff resides in King County and a substantial part of the events giving rise to the claims occurred in King County.

3.2    This Court has personal jurisdiction over State Farm because it regularly conducts business in the State of Washington, and because the events that are the subject of Plaintiff's dispute occurred in the State of Washington.

CLASS ACTION COMPLAINT - 3

**Law Office of**
**Daniel R. Whitmore**
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

3.3.     Defendant's contacts with the State of Washington as a whole satisfy the "minimum contacts" test, such that the exercise of jurisdiction over them is consistent with constitutional due process protections.

## IV. CLASS ACTION ALLEGATIONS.

4.1.     Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to CR 23 of the Washington Civil Rules.

4.2.     Plaintiff asserts and seeks certification of the following class (the putative "Class"):[1]

> All persons and entities within the State of Washington that have made first-party property damage claims under contracts of automobile insurance with State Farm that provided for payment of the actual cash value of the policyholder's vehicle (less any applicable deductible) in the event of total loss, and (1) where policyholders experienced a total loss of their insured vehicle covered under such policy, (2) where such claims for total loss were evaluated by State Farm using the Autosource valuation system, and (3) where such claims were paid by State Farm to the policyholder or a lienholder without the parties agreeing to use, and using, an alternative appraisal process described in the policyholder's policy.

4.3.     Numerosity. The members of the putative Class are so numerous that individual joinder of all members is impracticable. The identity and precise number of putative Class members, though unknown to Plaintiff, is reasonably ascertainable from State Farm's records. Because State Farm controls a sizeable market share of the local automobile insurance industry, and the large number of claims that it settles with respect to total loss vehicles, the putative Class is estimated to comprise many thousands of people.

---

[1] Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class which does not require individual inquiry to determine liability.

CLASS ACTION COMPLAINT - 4

1

2          4.4.    Commonality and Predominance. This action involves common questions of law

3    and fact as to the claims of Plaintiff and the other members of the putative Class, which

4    predominate over any questions affecting individual putative Class members. These common

5    legal and factual questions include, but are not limited to, the following:

6              a)   Whether State Farm breached its insurance contracts, including the implied
                    covenants of good faith and fair dealing, when it systematically reduced the
7                   estimated actual cash value of covered total loss vehicles by 9 percent and
                    reduced the estimated value of comparison vehicles by 9 percent from published
8                   prices to allegedly account for typical negotiation;

9              b)   Whether State Farm breached its insurance contracts, including the implied
                    covenant of good faith and fair dealing, when it systematically reduced the
10                  actual cash value of covered total loss vehicles using an automated system that
                    took additional, unwarranted deductions for the alleged "condition" of the
11                  policyholder's vehicle after making adjustments to the advertised price of
12                  "comparison" vehicles based on mileage and options;

13             c)   Whether State Farm violated Washington insurance regulations when it
                    systematically reduced the estimated actual cash value of covered total loss
14                  vehicles by 9 percent and reduced the estimated value of comparison vehicles
                    by 9 percent by consistently and without basis or justification reducing
15                  estimated values of comparison vehicles by 9 percent from published prices to
                    allegedly account for typical negotiation;
16

17             d)   Whether State Farm's method of valuation violated the Washington Consumer
                    Protect Act;
18

19             e)   Whether State Farm's method of valuation violated its common law duty of
                    good faith to its policyholders.

20         4.5.    Typicality. Plaintiff's claims are typical of the claims putative Class members,

21   because putative Class members were injured through the same alleged systematic misconduct

22   described herein.

23

24

25

CLASS ACTION COMPLAINT - 5

4.6.     Adequacy of Representation. Plaintiff will fairly and adequately represent and protect the interests of the members of Class and do not conflict with the interests of other Class members; Plaintiff has retained counsel who are competent and experienced in complex class-action litigation, and Plaintiff intends to prosecute this action vigorously.

4.7.     Superiority. A class action is superior to all other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would be economically impractical for Plaintiff and putative Class members, on an individual basis, to obtain effective redress. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from relitigating the common issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, benefiting from economies of scale, comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

4.8.     Appropriateness of Injunctive Relief. Defendants have acted, or refused to act, in a manner that applies generally to the Class, such that final injunctive relief is appropriate to the class as a whole.

### V. FACTUAL ALLEGATIONS.

5.1.     State Farm advertises and sells automobile policies in the State of Washington that include first-party physical damage coverages including Comprehensive, Collision and Underinsured Property Damage.

CLASS ACTION COMPLAINT - 6

**Law Office of
Daniel R. Whitmore**
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

5.2.    State Farm's policies give State Farm the choice to settle a loss claim under its property damage coverages in one of two ways:

    a)   By paying the cost to repair the covered vehicle, minus any applicable deductible; or

    b)   By paying the "actual cash value" of the covered vehicle (prior to being damaged), minus any applicable deductible.

5.3.    State Farm deems vehicles to be a total loss when the cost to repair the vehicle exceeds the vehicle's "actual cash value."

5.4.    "Actual cash value" is not a defined term in State Farm's auto policies.

5.5.    The settlement of total loss claims in the State of Washington is regulated by WAC 284-30-391.

5.6    This regulation, along with common law implied covenants of good faith and fair dealing, prohibit State Farm from using arbitrary, invalid, unreasonable, and unfair methods to estimate the "actual cash value" of a vehicle immediately prior to a total loss.

5.7    To determine the actual cash value of consumer vehicles, State Farm uses a third-party valuation service operated by Audatex North America, Inc. in combination with Explore Information Services, LLC under the trade name AudaExplore, a business division of Solera Holdings, Inc.

5.8    AudaExplore provides State Farm with estimates, sometimes under the trade name "Autosource Market-Driven Valuation," that purport to provide the actual cash value of total loss vehicles, which State Farm uses to justify the amounts it pays its policyholders as the actual cash value of total loss vehicles.

5.9.    State Farm's uniform auto policies do not disclose the existence or identity of the third-party valuation services used by State Farm to estimate and settle total loss claims.

CLASS ACTION COMPLAINT - 7

**Law Office of**
**Daniel R. Whitmore**
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

1    5.10.    State Farm's uniform auto policies provide that State Farm and policyholders

2 must "agree" on the actual cash value of a covered vehicle that has sustained a total loss.

3 However, such policies do not limit either parties' rights in the event that they do not agree on an

4 actual cash value, unless the parties both voluntarily agree to submit a dispute about the actual

5 cash value to a panel of three appraisers, with the parties' sharing the costs of such a process.

6 Such an appraisal process, if used, is binding on both parties. But State Farm's policies do not

7 require either party to submit to such a process, and, on information and belief, such process is

8 rarely if ever used because the costs of employing three, independent appraisers to appraise a

9 covered vehicle would, in most cases, eclipse the amount of a dispute between State Farm and a

10 policyholder about the actual cash value of a covered vehicle.

11    5.11.    On information and belief, State Farm knows from experience that many

12 policyholders who submit a claim for covered vehicle will trust State Farm's representation of

13 their vehicle's value to be accurate and will not object.

14    5.12.    On information and belief, State Farm further understands that many

15 policyholders who have suffered a "total loss" of a covered vehicle will not elect to request a

16 formal appraisal by three independent appraisers, which is allowed under State Farm's auto

17 policies.

18    5.13.    To the extent State Farm relies on either a policyholder's express agreement, or

19 silence or acquiescence to a "total loss" settlement payment made by State Farm to the

20 policyholder or to a lienholder of the insured, to contend that it has met its contractual obligation

21 to its policyholder, State Farm's reliance is misplaced and invalid because of State Farm's

22 deception, improper methodology for determining Actual Case Value, violation of insurance

23 regulations pertaining to the settlement of total loss claims, and breach of implied covenants of

24 good faith and fair dealing to its policyholders.

25

CLASS ACTION COMPLAINT - 8

**Law Office of**
**Daniel R. Whitmore**
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

1

Facts of Plaintiff's Policy Claim

2
3
5.14    Plaintiff contracted with State Farm for an automobile insurance policy providing coverage for physical damage for his 2009 Honda Civic Hybrid sedan.

4
5
5.15    On or around May 25, 2019, Plaintiff's Honda Civic sustained damage which State Farm deemed a total loss.

6
7
5.16    On or around May 25, 2019, Plaintiff's Honda Civic had 67,190 miles on its odometer and the State Farm policy covering it was in full force and effect.

8
5.17    Plaintiff timely submitted a claim to State Farm.

9
10
5.18    On or around May 27, 2019, State Farm assigned Plaintiff's claim a claim number (47-8968-S99) and assigned a claims representative to process the claim.

11
12
5.19    On or about June 14, 2019, State Farm determined that the Plaintiff's Honda Civic was a total loss.

13
14
5.20    On June 14, 2019 State Farm wrote Plaintiff a letter to advise him of what State Farm had "determined" the "actual cash value" of his insured vehicle to be.

15
16
17
18
5.21    State Farm's June 14, 2019 letter indicated the vehicle's actual cash value to be $6,939.00, with additions for taxes and title transfer, and minus his deductible. The net amount payable to the Plaintiff was purported to be $7,231.64.   Enclosed with this letter was a report from Autosource.

19
20
21
22
5.22    The Autosource report explained that State Farm had "selected Audatex, an independent vehicle valuation company, to prepare a comprehensive vehicle valuation for your vehicle." The report further stated that it "was prepared specifically for your vehicle and represents a fair and accurate value driven by the retail used vehicle market."

23
24
5.23    In the "Valuation Detail" section of the Autosource report, Audatex identified four different "comparable" vehicles, identifying the year, make, model, location, transmission,

25

CLASS ACTION COMPLAINT - 9

and odometer reading of each vehicle. Each comparable vehicle was then purportedly used to establish the value of Plaintiff's vehicle. This was accomplished by valuing the "comparable vehicle" and then making "adjustments" to account for differences between that vehicle and Plaintiff's vehicle, such as differences in mileage and options.

5.24    For each "Comparable" vehicle cited and described in the report, the "base" price (before adjustments) that was identified for the vehicle was almost exactly 9 percent lower than the stated "advertised price" for the vehicle.

5.25    The source of this 9 percent reduction in price was found in the Report's fine print, which claimed that each vehicle's "advertised price" was "adjusted to account for typical negotiation."

5.26    State Farm does not disclose anywhere to Plaintiff how it determined that 9 percent is a fair or accurate "adjustment."

5.27    After adjusting the advertised prices of the "Comparable" vehicles for "typical negotiation," mileage and options, the Autosource report then took an additional deduction of $155.00 for the perceived condition of Mr. Jama's vehicle.

5.28    This deduction was made without Autosource or State Farm performing any inspection to determine the condition of the "Comparable" vehicles, and would only be valid if the "Comparable" vehicles did not have the wear and tear expected of vehicles of their age and mileage.

CLASS ACTION COMPLAINT - 10

**Law Office of**
**Daniel R. Whitmore**
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

5.29    Plaintiff contends that Autosource's uniform "negotiation fee" of 9 percent is without any empirical foundation, instead existing only to reduce the total loss amounts paid to policyholders.[2]

5.30    Plaintiff contends that State Farm's use of Autosource's valuation violated WAC 284-30-391(4) because the 9 per cent adjustment for negotiation is not a "verifiable dollar amount."

5.31    Plaintiff contends that State Farm's use of Autosource's valuation violated WAC 284-30-391(5) because that regulation permits insurers to adjust total loss settlements only for prior unrepaired damage to the same vehicle and for the salvage value of the subject vehicle if the insured elects to keep it.

5.32    Plaintiff contends that State Farm's use of Autosource's valuation violated WAC 284-30-391(2) because the 9 percent adjustment for negotiation is not based on data that is derived from sources within 150 miles of the location where the subject vehicle was garaged (the "local data" requirement) or based on data derived from the actual cash value of vehicles that are currently available or were available in the market place within ninety days prior to or after the date of loss (the "current data" requirement).

5.33    Plaintiff contends that Autosource's additional deductions for the perceived condition of policyholder's vehicles is without any empirical foundation, instead existing only to reduce the total loss amounts paid to policyholders.

5.34    It is clear that the Autosource valuation system is set up in a manner designed to directly benefit the insurer, State Farm, by systemically reducing the amount it would have to

---

[2] To demonstrate the arbitrary nature of this deduction, Autosource valuations performed for American Family Insurance have a 5 percent adjustment for "typical negotiation," and Autosource valuations performed form PEMCO Insurance have a 6 percent adjustment for "typical negotiation."

CLASS ACTION COMPLAINT - 11

pay its policyholders for their valid claims through deductions that are not verifiable and not based on current, local data.

## VI. CAUSES OF ACTION.

### COUNT ONE - BREACH OF CONTRACT

6.1    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

6.2    State Farm entered into policies of automobile insurance with Plaintiff and other members of the putative Class. These policies govern the relationship between State Farm, Plaintiff, and other Class Members, and they likewise govern the handling of total loss claims.

6.3    The insurance policies at issue were drafted by State Farm or its agents.

6.4    The insurance policy at issue with Plaintiff is essentially identical in all material respects with the policies entered into with other Class Members.

6.5    Plaintiff and other Class Members performed their material duties as provided in their policies;

6.6    The policies of insurance State Farm issued to Plaintiff and other members of the putative Class provide that in the event of a total loss, State Farm will pay the "actual cash value" (ACV) of the loss.

6.7    In proposing and making ACV payments under the policies with Plaintiff and members of the putative Class, State Farm breached its contractual duties to Plaintiff and the putative Class, including the implied covenant of good faith and fair dealing, by:

      a.    deducting an arbitrary, fixed percentage of the "appraised" value of the insured vehicle as determined by an automated and systematically determined Audatex valuation, ostensibly based upon "negotiation" from listed prices published by auto dealers; and by

CLASS ACTION COMPLAINT - 12

b.     taking additional, unwarranted deductions for the alleged "condition" of the policyholder's vehicle after making adjustments to the advertised price of "comparison" vehicles based on mileage and options.

6.8     State Farm benefitted, and continues to benefit, from its contractual breaches. Likewise, State Farm's actions damaged, and continue to damage, Plaintiff and other Class Members.

6.9     State Farm's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and other Class Members.

6.10     Plaintiff and other Class members are entitled to recover their actual damages as established through evidence at trial, including damages sufficient to make them whole for State Farm's systematic underpayment of ACV for total loss vehicles, including, but not limited to, the difference between payments made by State Farm for actual cash value in the event of total loss, and the ACV that State Farm would have determined without breaching its contractual obligations to Plaintiff and other Class Members.

**COUNT TWO – VIOLATION OF WAC 284-30-391**

6.11     WAC 284-30-391 sets forth the standards of practice for settlement of total loss vehicle claims.  It requires insurer to, among other things, pay the fair market value of the policyholder's vehicle immediately prior to the incident in which it was damaged.  If a computerized source is used to make this determination, the system must use statistically valid criteria.

6.12     The Autosource system used by State Farm violates WAC 284-30-391 because it uses a statistically invalid methodology.  Specifically, the practices of deducting 9 percent from the advertised price of comparable vehicles to account for "typical negotiation"  and the taking of additional deductions due to the "condition" of the policyholder's vehicle without doing any

CLASS ACTION COMPLAINT - 13

inspection of the "comparable" vehicles used in the analysis lacks any statistical or empirical validity.  The Autosource system violates specific provisions of WAC 284-30-391 by reducing total loss payments through deductions that are not verifiable and not based on local, current data.

6.13     Due to this and other wrongful conduct, Plaintiff and the Class are entitled to recover their actual damages, including damages sufficient to make them whole for State Farm's systematic underpayment of ACV for total loss vehicles, including, but not limited to, the difference between payments made by State Farm for actual cash value in the event of total loss, and the ACV that State Farm would have determined without violating Washington insurance regulations.

<strong>COUNT THREE – COMMON LAW BAD FAITH</strong>

6.14     Through its use of this invalid methodology, State Farm is elevating its own financial interests over that of its first party insureds.

6.15     State Farm's conduct is egregious and pervasive, and without regard to the transportation needs of its insureds.

6.16     State Farm's conduct violates the common law duty of an insurer to act in good faith.

6.17     As a result, Plaintiff and the Class are entitled to recover damages including attorney's fees, prejudgment interest and exemplary damages.

<strong>COUNT FOUR – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND<br>FAIR DEALING</strong>

6.18     State Farm has breached the implied covenant of good faith and fair dealing owed to Plaintiff and the Class.

CLASS ACTION COMPLAINT - 14

**Law Office of**
**Daniel R. Whitmore**
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

6.19    Plaintiff and the Class have been damaged as a result of State Farm's wrongful use of an invalid methodology to value policyholders' total loss claims.

6.20    Plaintiff and the Class are entitled to recover actual and consequential damages including attorney's fees and prejudgment interest.

## COUNT FIVE -- VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

6.21    The business of insurance affects the public interest.

6.22    The physical damage coverage in State Farm's automobile policies are intended to provide coverage for damage to vehicles caused by collisions.  The policies require State Farm to pay the actual cash value of vehicles determined to be a total loss.

6.23    Defendants have engaged in unfair, misleading, and deceptive acts by using an arbitrary and statistically invalid methodology to value policyholders' total loss claims.

6.24    Defendants' conduct violates the Washington Consumer Protection Act, RCW 19.86 *et seq*.

6.25    Plaintiff and the Class have been damaged as a result of these violations and are entitled to recover damages including attorney's fees, prejudgment interest, and exemplary damages.

## COUNT SIX – DECLARATORY AND INJUNCTIVE RELIEF

6.26    Plaintiff and the Class are entitled to be paid the Actual Case Value of vehicles determined to be total losses.

6.27    State Farm used an invalid methodology to wrongfully reduce the amounts paid to its insureds with total loss claims.

6.28    An actual and justiciable controversy has arisen and now exists between the Class and State Farm concerning State Farm's system form determining Actual Cash Value.  The Class

CLASS ACTION COMPLAINT - 15

**Law Office of**
**Daniel R. Whitmore**
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
(206) 329-8400/ (206) 329-8401 (fax)

is entitled to a judicial declaration from this Court of the rights of the Class and obligations of State Farm under the policy.  The Class is entitled to a judicial declaration that Defendant has acted in violation of Washington insurance regulations and in bad faith by using an invalid methodology to underpay total loss claims.  This action is timely and appropriate under applicable law.

6.29    The Court should enjoin State Farm from engaging in further deceptive acts and practices pursuant to RCW 19.86.090.

## VII. JURY DEMAND.

7.1    Plaintiff demands a jury trial of all issues triable by right by jury.

## VIII. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff and members of the putative Class pray for relief as follows:

8.1    That the Court enter an order certifying the putative Class;

8.2    That judgment be entered against Defendant and in favor of Plaintiff and members of the Class;

8.3    That Plaintiff and the Class be awarded the full amount of their damages as will be proven at trial;

8.4    That Plaintiff and members of the Class be awarded pre and post-judgment interest to the extent allowed by law;

8.5    That Plaintiff and members of the Class be awarded their costs in this action;

8.6    That Plaintiff and the Class be awarded exemplary damages and their reasonable attorneys' fees as allowed by the Washington Consumer Protection Act;

8.7    That Plaintiff and members of the Class be awarded injunctive relief, enjoining Defendant from continuing the wrongful practices described herein;

CLASS ACTION COMPLAINT - 16

1       8.8     A judicial declaration that State Farm has acted in bad faith by using an invalid

2  methodology to underpay total loss claims;

3       8.9     A judicial declaration that Defendant State harm has acted in violation of

4  Washington insurance regulations;

5       8.10    Such other relief as is just and proper.

Dated this 10th day of March, 2020

LAW OFFICES OF DANIEL R. WHITMORE

/s/Daniel R. Whitmore_____
Daniel R. Whitmore, WSBA No. 24012
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
Telephone:  (206) 329-8400
Facsimile:  (206) 329-8401
Email: dan@whitmorelawfirm.com
Attorney for Plaintiff and the Class

BADGLEY MULLINS TURNER PLLC

/s/Duncan C. Turner_____
Duncan C. Turner, WSBA No. 20597
Mark A. Trivett, WSBA No. 46375
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:  (206) 621-9686
Email:  dturner@badgleymullins.com
Email:  mtrivett@badgleymullins.com
Attorney for Plaintiff and the Class

CLASS ACTION COMPLAINT - 17