# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FAYSAL A. JAMA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | No.<br><br>DECLARATION OF JAY THORPE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL |

I, Jay Thorpe, hereby state and declare as follows:

1. I am over twenty-one years of age, of sound mind, and competent to testify. Unless otherwise stated, I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2. I am currently employed as an Analyst in P&C Analytics - Claims by State Farm Mutual Automobile Insurance Company in Bloomington, Illinois. State Farm Fire and Casualty Company ("State Farm") is a wholly-owned subsidiary of State Farm Mutual Automobile Insurance Company. I am authorized to make this declaration on behalf of State Farm.

3. State Farm is an insurance company organized under the laws of the State of Illinois with its principal place of business in Illinois.

4. I have been provided the following definition of Plaintiff's proposed class:

> All persons and entities within the State of Washington that have made first-party property damage claims under contracts of automobile insurance with State Farm that provided for payment of the actual cash value of the policyholder's vehicle (less any applicable deductible) in the event of total loss, and (1) where policyholders experienced a total loss of their insured vehicle covered under such policy, (2) where such claims for total loss were evaluated by State Farm using the Autosource valuation system, and (3) where such claims were paid by State Farm to the policyholder or a lienholder without the parties agreeing to use, and using, an alternative appraisal process described in the policyholder's policy.

5. Further, I understand Plaintiff alleges that AudaExplore (Autosource) improperly discounts the actual cash value of total-loss vehicles by 9%.

6. I have been asked to calculate the number of insureds who had a first-party total-loss claim and for whom the actual cash value settlement was calculated using AudaExplore (Autosource) during the time period March 10, 2014, through April 22, 2020.

7. State Farm uses an electronic platform for storing certain claim information, including information that permits State Farm to identify the number of putative class members within Plaintiff's proposed class.

8. At my direction, a preliminary search of relevant claims data (the number of first-party total-loss claims in Washington for the relevant time period implicated by the putative class) in State Farm's electronic database. This search included fields for State Farm insureds (i) who made claims that resulted in a determination of a total loss of the vehicle, (ii) whose total loss valuation is identified as being based on an AudaExplore (Autosource) report, and (iii) whose Washington insurance claims were evaluated using Autosource occurring between March 10, 2014, and April 22, 2020. I excluded claims identified as having been in a lawsuit, as well as claims referencing a potential appraisal.

9. For this time period within the proposed class, the search identified 8,004 members of the proposed class.

10. The search further determined that the total Autosource valuations for these members of the proposed class was $72,182,446.54.

11. I then calculated that valuations of $72,182,446.54 are 91% of $79,321,369.82. In other words, the total-loss valuations would have totaled $79,321,369.82 before the 9% discount alleged by Plaintiff.

12. The difference between the allegedly proper valuations of $79,321,369.82 and the Autosource valuations of $72,182,446.54 is $7,138,923.28.

13. As a result, for the time period of the proposed class, the amount of the alleged 9% discount in Autosource totals $7,138,923.28.

I declare under penalty of perjury and under the laws of the United States, 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Signed this 29th day of April 2020.

s/ Jay Thorpe<br>
Jay Thorpe