|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| ANYSA NGETHPHARAT, JAMES KELLEY,<br><br>                Plaintiffs,<br><br>   v.<br><br>STATE FARM MUTUAL INSURANCE COMPANY, et al.,<br><br>                Defendants.<br>FAYSAL JAMA<br><br>                Plaintiff,<br><br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>                Defendant. | CASE NO. C20-454 MJP<br><br>CASE NO. C20-652 MJP<br><br>ORDER DENYING PLAINTIFFS' MOTIONS TO SEAL |

     This matter comes before the Court on Plaintiff Faysal Jama's Motion to Seal (Dkt. No. 43) and Plaintiffs Anysa Ngethpharat's and James Kelley's Motion to Seal (Dkt. No. 73). Having

reviewed the Motions, Defendants' Oppositions (Dkt. Nos. 47, 77), the Replies (Dkt. Nos. 50, 80), and all supporting materials, the Court DENIES the Motions.

## BACKGROUND

In support of his Motion for Class Certification, Jama filed a variety of materials whose disclosure Defendant State Farm Fire and Casualty Company argues would harm a third-party vendor, Audatex, whose valuations are used to determine total loss valuations. (For simplicity, the Court refers to all named defendants in both actions as "State Farm.") State Farm requests sealing of portions of: (1) Jama's Motion for Class Certification (Dkt. No. 44); (2) the declaration of Paul Torelli (Dkt. No. 41); (3) the declaration of Darrell Harber (Dkt. No. 42); and (4) the transcript of the deposition of Neal Lowell, Audatex's Rule 30(b)(6) witness (Dkt. No. 45 at 111-34). State Farm does not oppose unsealing the remainder of the pages in Docket Entry No. 45, which were provisionally filed under sealed.

In support of their Motion for Class Certification, Ngethpharat and Kelley filed many of the same materials as Jama, and two other documents. State Farm requests sealing portions of: (1) the Motion for Class Certification (Dkt. No. 74); (2) the declaration of Paul Torelli (Dkt. No. 75-1); (3) the declaration of Darrell Harber (Dkt. No. 75-2); and (4) the transcript of the Lowell deposition (Dkt. No. 75-13). State Farm also asks that two documents remain sealed in their entirety: (1) Autosource's State Farm Job Aid (Dkt. No. 75-7); and (2) State Farm's Strategic Partnership Request for Proposal Response (Dkt. No. 75-8). State Farm does not propose that any of the other exhibits to Stephen Hansen's declaration be sealed, though they were provisionally filed under seal. (See Dkt. No. 75.)

1  State Farm provides redacted versions of all of the documents for which it requests partial

2  sealing. And it relies on a declaration from Michelle Netze, an employee of Audatex, to support

3  its claim of good cause and compelling interests justifying sealing.

**ANALYSIS**

**A.    Legal Standard**

As a preliminary matter the Court must determine whether to apply the "good cause" or "compelling interest" standard in assessing the Motion. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the materials State Farm seeks to seal and the Motion for Class Certification itself put at issue how State Farm, through Audatex, complies with state law when it applies a negotiation discount. This is a primary issue in the case and the Motions and supporting materials are "more than tangentially related to the merits" of it. Id. The Court finds that the "compelling interest" test applies.

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131

(9th Cir. 2003) (citation and quotation omitted). The Local Rules require State Farm to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

**B.	Sealing Records**

The Court considers the compelling interests State Farm advances in support of sealing each document or portions thereof.

**1.	Lowell Testimony**

State Farm asks the Court to seal portions of Lowell's deposition testimony that it claims reveals Audatex's propriety methodology of performing automobile valuations, as well as the data used and the historical changes in the process. (Netze Decl. ¶¶ 2-3.) Netze claims that "Audatex maintains the confidentiality of its automobile valuation methodologies by marking it internally as confidential and by prohibiting its disclosure to persons outside the organization." (Netze Decl. ¶ 2.) And she avers that disclosure would harm Audatex because it would allow competitors to "co-opt that information for their own automobile valuation methodologies or attempt to cast Audatex's proprietary automobile valuation methodologies and valuation tools in a negative light." (id.)

Having reviewed the deposition transcript, the Court finds that State Farm has not made a sufficient showing of a compelling interest to support its sealing. Ngethpharat and Kelley point out that Lowell's testimony on these issues is already largely available to the public. (See Dkt. No. 81.) The fact that this information is already in the public domain undercuts much of Netze's declaration. Additionally, the information Lowell provides about the methodology and data is

high level and undermines Netze's claim that its revelation could be "co-opted" by a competitor. Netze herself does not explain how this information could be "co-opted" or how a competitor could use it to Audatex's disadvantage. Netze also fails to explain how this testimony could be used to cast Audatex in a "negative light." Presumably Audatex stands behind the quality of its product. But in any event, the claimed harm is overly speculative and does not support State Farm's burden. See Foltz, 331 F.3d at 1131. State Farm has not provided compelling interests sufficient to justify sealing this information which goes to the heart of the dispute between the parties on a matter of public interest. The Court therefore DENIES the Motions as to the Lowell Deposition.

### 2. Torelli Report and Harber Report

Based on the Court's review of State Farm's proposed redactions to the Torelli and Harber Reports, it appears that State Farm only seeks to redact information citing to or quoting from the Lowell deposition. Given the Court's ruling as to that deposition, the Court finds no basis to seal either report. The Court therefore DENIES the Motions as to these reports.

### 3. Motions for Class Certification

State Farm seeks to seal portions of pages 7 and 12 of Jama's Motion for Class Certification and portions of pages 2, 11, and 12 of Ngethpharat's and Kelley's Motion for Class Certification. The sections State Farm identifies cite to and quote from the Lowell deposition. Consistent with the Court's ruling as to the Lowell deposition, the Court finds no basis to seal these portions of the Motions. The Court therefore DENIES the Motions as to both Motions for Class Certification.

### 4. Strategic Partnership Request for Proposal Response

State Farm asks the Court to seal the entire Strategic Partnership Request for Proposal document that Ngethpharat and Kelley submitted in support of their Motion for Class Certification. (Dkt. No. 75-8.) Netze claims that "[t]he document contains proprietary information regarding Audatex's total-loss products, Audatex's valuation methodology, and specific data regarding Audatex's coverage and ability to provide 'instant' valuations." (Netze Decl. ¶ 6.) She notes that page 58 contains "especially sensitive Audatex material," but she does not explain why. (Id.) Netze identifies the same claims of harm she proposed as to the Lowell deposition: co-option by competitors and the fear that Audatex's methodologies will be cast "in a negative light." (Id.)

Neither State Farm nor Netze grapples with the fact that this document is already publicly available on the Court's docket, given State Farm's earlier failure to provide sufficient evidence to support its request to seal this document. (See Ngethpharat, Dkt. No. 76 at 9.) This strongly cuts against the positions Netze advances. And the Court is unpersuaded by Netze's declaration, which fails to explain what is "especially" sensitive about this information or how exactly a competitor might use this information to Audatex's disadvantage. Her declaration provides insufficient justification to seal this already publicly-available document. The Court therefore DENIES the Motion as to this document.

### 5. Autosource's State Farm Job Aid

State Farm asks the Court to seal a document entitled State Farm Job Aid. (Dkt. No. 75-7.) Netze proclaims that this document contains "detailed descriptions of Audatex's proprietary valuation methodologies and valuation tools . . . including the identity and description of Audatex's various propriety valuation methodologies and the coverage, by vehicle make and

year, of its products." (Netze Decl. ¶ 5.) Netze claims that disclosure will allow competitors to co-opt this information and cast Audatex in a "negative light, including, specifically here, any perceived limitations in product 'coverage.'" (Id.) The Court's review of the document and Netze's declaration do not convince it that there is a compelling interest in sealing this document. Other than the information about the vehicles covered, the information is similarly high level to the testimony of Lowell. The information about coverage itself also appears to be 5 years out of date based on the copyright of the document and the dates of vehicle coverages. Netze nowhere explains why or how this stale information could be used to Audatex's disadvantage. And as Ngethpharat and Kelley point out, Doug Graff has provided detailed testimony about this document, which State Farm has not sought to seal. The claims of harm State Farm advances are too vague and speculative to support sealing this document. The Court therefore finds no basis to seal this document and DENIES the Motion to seal it.

## CONCLUSION

State Farm has failed to identify any compelling interest that outweighs the public's right to inspect the documents at issue. The Court therefore DENIES both Motions. As to the Jama matter, the Court directs the Clerk to UNSEAL Docket Entries Nos. 41, 42, 44, and 45. And as to the Ngethpharat matter, the Court directs the Clerk to UNSEAL Docket Entries Nos. 74 and 75.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 18, 2021.

Marsha J. Pechman
United States District Judge