UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAYSAL A JAMA,<br><br>                    Plaintiff,<br><br>         v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY,<br><br>                    Defendant. | CASE NO. C20-652 MJP<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Plaintiff's Motion to Seal. (Dkt. No. 62.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 78), the Reply (Dkt. No. 84), and all supporting papers, the Court GRANTS the Motion and maintains Dkt. Nos. 63 and 64 under seal.

The Parties jointly ask the Court to seal two exhibits to the report of Dr. Paul Torelli that Plaintiff filed in support of his Reply to the Motion for Class Certification. (Dkt. No. 64.) Attachment 1 to the Torelli report contains information about total loss claims in a sample of potential class members, including the insured's name and VIN of their vehicle which the parties

ORDER GRANTING MOTION TO SEAL - 1

1  agree should be kept confidential to protect the insureds' privacy. (Id.) Defendant has filed a
2  redacted version of Attachment 1, which is publicly available and redacts the insured's name and
3  VIN of their vehicle. (Dkt. No. 78-1.) Attachment 4 to the Torelli report contains Audatex's
4  "price bands and applicable typical negotiation adjustment for each price band over more than a
5  six-year period." (Dkt. No. 64; Declaration of Michelle Netz ¶ 3 (Dkt. No. 79).) Defendant
6  submits a declaration from Michelle Netz, Audatex's Director of Total Loss and Data and
7  Compliance at Audatex North America, Inc., who avers that the non-public information in this
8  attachment was developed based on Audatex's "proprietary statistical modelling" and whose
9  disclosure would allow competitors to co-opt the information to Audatex's competitive
10 disadvantage. (Netze Decl. ¶ 3.) The Parties also ask the Court to seal excerpts of the deposition
11 of Neal Lowell in which he discusses the substance of Attachment 4 to the Torelli Report. (Dkt.
12 No. 63.)

13      As the Court has previously determined, it will apply the "compelling interest" standard
14 to assess the motions to seal filed in conjunction with the Motion for Class Certification. See Ctr.
15 for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); (Order on Motion
16 to Seal, Dkt. No. 52). Under the "compelling interest" test, the Court must "conscientiously
17 balance[] the competing interests of the public and the party who seeks to keep certain judicial
18 records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)
19 (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a
20 compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis
21 or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a
22 protective order to demonstrate that (1) the material in question is a trade secret or other
23 confidential information within the scope of Rule 26(c), and (2) disclosure would cause an
24

identifiable, significant harm." <u>Foltz v. State Farm Mutual Auto. Ins. Co.</u>, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require State Farm to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." <u>Id.</u>

The Parties have provided sufficient grounds to find compelling interests to warrant sealing Attachments 1 (unredacted version) and 4 to the Torelli report, and excerpts of the Lowell deposition. As to Attachment 1, the privacy interests of the insureds outweighs the interest of the public to know the specific identity of any of the insureds. Given that the redacted version of the document is publicly available, the public is otherwise able to inspect the document and understand its relation to the pending Motion for Class Certification. As to Attachment 4, the Court finds that Audatex's Netze has provided sufficient grounds to merit sealing. Netze explains that the price band data in the document is sensitive, non-public information derived from Audatex's proprietary statistical modeling and that its disclosure would harm Audatex's competitive position in the market. While the public undoubtedly has an interest in knowing this information, the specific details of it are not necessary to be revealed to understand the Motion for Class Certification. The Court therefore finds sealing of this attachment in full to be appropriate. The same reasoning applies to the excerpts of the Lowell deposition in which he discusses this data.

The Court GRANTS the Motion to Seal and ORDERS that Attachments 1 (unredacted version) and 4 to the Torelli report, and the Lowell deposition excerpts shall be kept under seal. (Dkt. Nos. 63 and 64.)

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated June 15, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING MOTION TO SEAL - 4