UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, individually, JAMES KELLEY, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. C20-454 MJP<br><br>ORDER ON CONSOLIDATION, RELIEF FROM DEADLINES, CLASS NOTICE, AND STAY |
| FAYSAL JAMA, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CASE NO. 20-652 MJP |

This matter comes before the Court on several motions filed by the Parties in these two cases: (1) Plaintiffs' Joint Motion to Consolidate <u>Kelley v. State Farm Mut. Ins. Co.</u>,[1] C20-454 MJP and <u>Jama v. State Farm Fire and Cas. Co.</u>, C20-652 MJP (<u>Kelley</u>, Dkt. No. 140; <u>Jama</u>, Dkt. No. 113); (2) Plaintiff Jama's Motion for Relief from Deadlines (<u>Jama</u>, Dkt. No. 114); (3) Plaintiffs' Motions to Approve Class Notice (<u>Kelley</u>, Dkt. No. 139; <u>Jama</u>, Dkt. No. 112); and (4) Defendants' Motions to Stay Pending Appeal (<u>Kelley</u>, Dkt. No. 142; <u>Jama</u>, Dkt. No. 117). Having reviewed the Motions, the Oppositions (<u>Kelley</u>, Dkt. Nos. 144, 146, 150; <u>Jama</u>, Dkt. Nos. 119, 121, 122, 125), the Replies (<u>Kelley</u>, Dkt. Nos. 148, 149, 154; <u>Jama</u>, Dkt. Nos. 123, 124, 132), and all supporting materials, the Court ORDERS as follows:

(1) The Court GRANTS the Joint Motion to Consolidate and CONSOLIDATES the actions for all further proceedings and resets the trial date and remaining pretrial deadlines;

(2) The Court GRANTS in part and DENIES AS MOOT in part Jama's Motion for Relief from Deadline;

(3) The Court DENIES without prejudice the Motions to Approve Class Notice;

(4) The Court DENIES the Motions to Stay; and

(5) ORDERS the Parties to meet and confer as detailed below.

## BACKGROUND

**A.  Consolidation and Case Schedule Continuance**

The Parties agree that these two class actions should be consolidated, but they disagree as to the scope. Defendants ask that the cases be consolidated and tried jointly, while Plaintiffs seek

---

[1] Given that Plaintiff Anysa Ngethpharat's claims must proceed individually, Court refers to this matter as <u>Kelley</u>, rather than <u>Ngethpharat</u>.

three separate trials. To understand the Parties' positions, the Court reviews some of the relevant legal and factual issues.

The claims in Kelley and Jama overlap significantly, with only limited differences. First, Plaintiffs in both cases allege that Defendants have violated Washington law by applying a "typical negotiation discount" to determine the actual cash value of an insured's total loss vehicle. The Court has certified classes in both actions that attack this practice. In Kelley, Plaintiff James Kelley will represent a class of similarly situated individuals, and in Jama, Plaintiff Faysal Jama will represent a class of similarly situated individuals. Second, Plaintiff Jama pursues claims alleging that Defendants practice of applying "condition adjustment" violates Washington law. The Court has approved class treatment of these claims, which is limited to the Jama matter and have not been pursued in Kelley. Third, Plaintiff Anysa Ngethpharat pursues individual claims against Defendants that fall outside of the certified classes in both Kelley and Jama. In light of the different class claims and Ngethpharat's individual claims, Plaintiffs believe that consolidation of just the "typical negotiation discount" claims in Kelley and Jama presents the most efficient and appropriate path forward. Defendants strongly oppose this, arguing that judicial economy and fairness favor of a single trial and complete consolidation of both cases.

In addition to seeking consolidation, both Parties ask the Court to adjust the case schedule and request new trial dates in January through March 2022. And in Jama, Plaintiff Jama also asks for relief from the existing case schedule to attend depositions noted in Kelley—a request to which Defendants readily agreed, as evidenced by their response. (See Jama Dkt. Nos. 114, 122.)

**B.  Additional background**

On the heels of the Court's ruling on the motions for class certification in <u>Kelley</u> and <u>Jama</u>, Plaintiffs seek approval of a class notice. And for their part, Defendants ask for a stay pending the resolution of their interlocutory appeals of the class certification orders.

**ANALYSIS**

**A.  Consolidation**

**1.  Legal Standard**

Consolidation is appropriate under Rule 42(a) "[w]hen actions involving a common question of law or fact are pending before the court. . . ." Fed. R. Civ. P. 42(a). The Court has broad authority to "order a joint hearing or trial of any or all the matters in issue in the actions; . . . order all the actions consolidated; and . . . make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." <u>Id.</u>; <u>Investors Research Co., et al. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.</u>, 877 F.2d 777, 777 (9th Cir. 1989). The Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." <u>Owen v. Labor Ready Inc.</u>, 146 F. App'x 139, 141 (9th Cir. 2005) (citation omitted).

**2.  Form of Consolidation**

Given the Parties' agreement that the cases should be consolidated, the only question before the Court is the form of the consolidation. The Court finds that these two matters shall be consolidate for all purposes into a single trial with a single case schedule for the remaining pretrial deadlines. Having reviewed the motions for class certification in both matters, the Court understands that the different claims actually share many similar witnesses, evidence, and legal issues. It would waste substantial judicial resources to have multiple trials with the same lay and

expert witnesses and presentations. Given the large factual and legal overlap between the two cases, the Court sees substantial economy in coordinating pretrial deadlines and having a single jury trial. A single jury will be well placed to determine the propriety of the "typical negotiation discount" and "condition adjustment" claims, as well as Ngethpharat's individual claims without facing undue confusion. It will be for the parties to present their positions clearly to the jury, but there are no grounds to believe a single jury won't be able to follow the nuances between the various parties and claims. And Plaintiffs have not identified any reasonable risk of prejudice by having all of the claims presented in a single trial. A single trial will therefore be the most efficient and fair approach that serves the interests of the Court, Parties, and members of the jury. The Court therefore GRANTS the Motion and CONSOLIDATES Kelley and Jama for all purposes and into a single trial. All future filings shall only be made in Kelley, 20-454 MJP.

### 3. New Case Schedule and Trial Date

The Parties agree that the current case schedule in Kelley and Jama are overly ambitious in light of the Court's decision as to class certification and the upcoming pretrial deadlines. Plaintiff Jama has formally moved for a continuance (Dkt. No. 114), and the Parties jointly agree that the current schedule is not likely workable. While the Court believes that the current schedule in Kelley could remain in place post-consolidation, it understands that even that schedule presents some logistical problems for the Parties. The Court therefore finds good cause under Rule 16(b) to alter the trial date and remaining case deadlines in light of the Parties' positions and GRANTS the Motion for Relief from Deadline in part and the Plaintiff's Joint Motion to Consolidate on this issue.

Although the Parties have requested a new trial date in the early months of 2022, the Court's next available trial date is June 8, 2022. The Court sets this matter for trial on June 8,

1  2022 at 9:00 AM. The Court also sets the following deadlines: (1) Dispositive Motions shall be
2  filed in accordance with the Local Rules by no later than February 8, 2022; (2) Motions in
3  Limine shall be filed in accordance with the Local Rules by no later than May 4, 2022; (3) the
4  Parties' Proposed Pretrial Order shall be due by May 26, 2022; (4) the Parties' Trial Briefs shall
5  be due by May 26, 2022; (5) Proposed Jury Instructions shall be due by May 26, 2022; and (6)
6  the Court will hold a pretrial conference at 1:30 PM on May 31, 2022.

7  The Court further ORDERS the Parties to meet and confer to discuss how many trial days
8  are reasonably necessary for the consolidated trial. The Parties shall meet and confer and submit
9  their respective positions in a joint status report to be filed within seven days of entry of this
10 Order.

11 **B.      Motion for Relief from Deadlines**

12 Jama's Motion for Relief from Deadline seeks a new case schedule and permission to
13 attend depositions after the discovery deadline. As set forth in Section A, the request to amend
14 the case schedule is GRANTED. But Jama's request to be permitted to attend the depositions of
15 certain witnesses after the discovery deadline is DENIED as MOOT given that Defendants have
16 acquiesced to this request.

17 **C.      Motion for Class Notice**

18 Plaintiffs both move for approval of class notices and a notice mailing plan. The Court
19 finds these Motions premature, particularly given the fact that the Court is now consolidating
20 these matters into one trial, which affects some of the content of the notices. The briefing also
21 makes clear that the Parties could benefit from a more collaborative approach to working up the
22 class notice. The Court therefore DENIES the Motions without prejudice and ORDERS the
23 Parties to meet and confer within 14 days of this Order to discuss and attempt to reach agreement
24

on the class notice and mailing campaign. After the meet and confer process is complete, Plaintiffs may then resubmit their motion using the joint format of Local Rule 37(a)(2).

**D.    Motion to Stay**

Defendants ask the Court to stay both cases pending resolution of their petitions for interlocutory appeal of the orders on class certification. The Court finds no basis to grant this relief.

A stay pending appeal "is an intrusion into the ordinary processes of administration and judicial review." Nken v. Holder, 556 U.S. 418, 427 (2009) (internal quotation marks and citation omitted). As such, it is "not a matter of right, even if irreparable injury might otherwise result." Id. at 433 (citation omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Id. (internal quotation marks and citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34.

In determining whether to grant a stay, the Court considers: (1) whether Defendants have made a strong showing that they are likely to succeed on the merits of their Petition; (2) whether Defendants will be irreparably injured absent a stay; (3) whether a stay will substantially injure Plaintiffs; and (4) whether the public interest supports a stay. See Nken, 556 U.S. at 434. Defendants can satisfy the first factor by showing a "reasonable probability" or "fair prospect;" "a substantial case on the merits;" or that "serious legal questions are raised." Leiva-Perez v. Holder, 640 F.3d 962, 967–68 (9th Cir. 2011). In weighing the four factors, courts use a flexible "sliding scale" approach, "so that a stronger showing of one element may offset a weaker showing of another." Id. at 964-66.

1     While Defendants are adamant that the Court's Orders approving class certification were
2  "manifestly erroneous," they have not convinced the Court that they are likely to succeed on the
3  merits of their appeal. The Court carefully considered the cases that Defendants believe were
4  misapplied and believes its Orders are consistent with the letter and guidance of those opinions.
5  The Court does not believe that the appeals present "serious legal questions." While two of the
6  cases Defendants rely on are relatively new, their application to the facts of these cases does not
7  present serious legal questions. This factor weighs against granting a stay.

8     Defendants have also failed to demonstrate irreparable harm, even if they had shown a
9  likelihood of success. This case does not involve individual liberties, constitutional claims, or
10 damage that cannot be repaired. Allowing this case to proceed while the appeal is pending will
11 deal Defendants no irreparable injury. Defendants have also not convinced the Court that
12 attorneys' fees incurred defending this action while the petitions for interlocutory appeal are
13 pending could constitute an irreparable harm. Defendants cite to no binding authority on this
14 point and, taken to its logical conclusion, it would mean that any party who files an interlocutory
15 appeal de facto faces irreparable harm. The Court is aware of no such rule and finds that
16 incurring litigation costs does not amount to an irreparable harm. And even if the Ninth Circuit
17 reverses the class certification decision, State Farm will still have to defend against the
18 individual claims presented. Nor is the Court convinced that any damage to Defendants'
19 reputation has been shown. These cases have been pending for more than a year and Defendants
20 fail to show any reason why a stay pending appeal would avoid or repair any damage to State
21 Farm's reputation stemming from this litigation.

22    The Court is also unconvinced that Plaintiffs and the classes face substantial injury
23 through a stay. As Plaintiffs have admitted, most of the class members' potential injuries concern

relatively small amounts of money. Some further delay in receipt of those amounts—if at all—would not appear to pose a substantial harm to these individuals. This slightly favors allowing a stay.

Lastly, Defendants have not demonstrated that the public interest weighs in favor of a stay. The timely resolution of the claims weighs more strongly in favor of indulging Defendants' desire to stay this action pending their appeal.

On balance, the Court finds that a stay is not merited on the record presented. The Court DENIES the Motion to Stay.

**CONCLUSION**

Consolidating these matters into a single, coordinated case and trial will serve the interests of justice, economy, and equity. A single jury should consider all of the issues presented in these cases. Doing so will ensure procedural fairness to the parties without any undue confusion to the jury. As such, the Court GRANTS the Joint Motion to Consolidate, and CONSOLIDATES these matters for all pretrial purposes and into a single trial to commence on June 8, 2022 at 9:00 AM with the remaining pretrial deadlines as set forth above. All future filings is this consolidated action shall only be made in Kelley, 20-454 MJP. Within 7 days of entry of this Order, the Court ORDERS the Parties to meet and confer and file a joint status report as to the Parties' proposed estimated trial length.

Consistent with the ruling as to the case deadlines and trial date, the Court GRANTS in part and DENIES AS MOOT in part Jama's Motion for Relief from Deadlines.

The Court DENIES without prejudice Plaintiffs' Motions for Approval of Class Notice as premature. The Court ORDERS the Parties to meet and confer within 14 days of entry of this

Order to attempt to resolve any further disputes. Plaintiffs may then refile a new motion for class notice approval using the joint format of Local Rule 37(a)(2).

And the Court DENIES Defendants' Motion to Stay. While the Court understands Defendants' disagreement with its Orders on class certification, it finds no basis on which to stay this consolidated action pending the interlocutory appeal.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 2, 2021.

Marsha J. Pechman
United States Senior District Judge